```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
SHAHEEM K. ALLEN,

                    Plaintiff,
                                          MEMORANDUM & ORDER
          -against-                       15-CV-3653(JS)(AYS)

NEW YORK STATE, NASSAU COUNTY
POLICE DEPT., and NASSAU
COUNTY DISTRICT ATTORNEY'S OFFICE,

                    Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:     Shaheem K. Allen, pro se
                   15002901
                   Nassau County Correctional Center
                   100 Carman Avenue
                   East Meadow, NY 11554

For Defendants:    No appearances.
```

SEYBERT, District Judge:

On June 22, 2015, incarcerated pro se plaintiff Shaheem K. Allen ("Plaintiff") filed a Complaint in this Court pursuant to 42 U.S.C. § 1983 ("Section 1983") against New York State ("the State"), the Nassau County Police Department ("the Police Department"), and the Nassau County District Attorney's Office ("the DA's Office" and collectively "Defendants"), accompanied by an application to proceed in forma pauperis. (See Docket Entry 2.) Plaintiff also filed an application for the appointment of pro bono counsel to represent him in this case. (See Docket Entry 4.)

Upon review of the declaration in support of the application to proceed in forma pauperis, the Court finds that

Plaintiff is qualified to commence this action without prepayment of the filing fee.  See 28 U.S.C. §§ 1914(a); 1915(a)(1).  Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.  However, for the reasons that follow, the claims that are set forth in the Complaint are sua sponte DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1) and the application for the appointment of pro bono counsel is DENIED as MOOT.

BACKGROUND[1]

Plaintiff's brief, handwritten Complaint alleges that, on May 13, 2015, Plaintiff was falsely arrested and charged with fourteen counts of Criminal Sale of a Controlled Substance in the third degree, one count of Conspiracy, and one count of "Prohibition Animal Fighting in the Second Degree."  (Compl. at 6.)  According to the Complaint, members of the Police Department "unlawfully entered" the residence where Plaintiff was located and arrested him.  (Compl. at 6.)  Plaintiff alleges that the officers did not display any identification or produce a warrant for Plaintiff's arrest or to search the premises.  (Compl. at 6.)  Once inside the residence, Plaintiff alleges that the officers "drawed guns in our faces[,] ordered [e]veryone on the floor and we were all cuffed with no explanation [sic]."  (Compl. at 6.)

---

[1] The following facts are taken from Plaintiff's Complaint and are presumed to be true for the purposes of this Memorandum and Order.

2

According to the Complaint, Plaintiff was also charged with selling heroin on several dates in January, February, and March 2015 and that these charges are "fabricated." (Compl. at 7.) Plaintiff claims that the charges against him arise from statements made by a "well known drug addict" who "is known for working with the police for [$]25.00 for each person he say's [sic] he brought [sic] drugs from." (Compl. at 7.) Plaintiff also complains that he did not waive his "right to testify at the grand jury" and that they proceeded in his absence in violation of his "Consistutional [sic] Rights." (Compl. at 9.)

As a result of the foregoing, Plaintiff seeks an order "to the Nassau Cty DA's Office to drop and release me on the fabricated statements from a very unstable person . . . ." (Compl. at 8.) Plaintiff seeks his "freedom back" in addition to a monetary award of $250 million against the Nassau County Police and the Nassau County DA's Office. (Compl. at 8.)

## DISCUSSION

I. In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of his application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

II.  <u>Application of 28 U.S.C. § 1915</u>

Section 1915 of Title 28 requires a district court to dismiss an <u>in forma pauperis</u> complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b).  The Court is required to dismiss the action as soon as it makes such a determination.  <u>See</u> <u>id.</u> § 1915A(b).

Courts are obliged to construe the pleadings of a <u>pro se</u> plaintiff liberally. <u>See</u> <u>Sealed Plaintiff v. Sealed Defendant</u>, 537 F.3d 185, 191 (2d Cir. 2008); <u>McEachin v. McGuinnis</u>, 357 F.3d 197, 200 (2d Cir. 2004).  However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citations omitted).  The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully."  <u>Id.</u> at 678; <u>accord</u> <u>Wilson v. Merrill Lynch & Co., Inc.</u>, 671 F.3d 120, 128 (2d Cir. 2011).  While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of

4

the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

III. Section 1983

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983; accord Rehberg v. Paulk, --- U.S. ----, 132 S. Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012). To state a claim under Section 1983, a plaintiff must "'allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States.'" Rae v. Cnty. of Suffolk, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)).

A. Claim Against the Police Department and the DA's Office

It is well-established that "under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued." Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002); see also Hawkins v. Nassau Cnty. Corr. Fac., 781 F. Supp. 2d 107,

109 at n.1 (E.D.N.Y. 2011) (dismissing claims against Nassau County Jail because it is an "administrative arm[] of the . . . County of Nassau, and thus lacks the capacity to be sued as a separate entity") (internal quotation marks and citations omitted); Booker v. Doe, 11-CV-1632, 2011 WL 3648275, *2 (E.D.N.Y. Aug. 10, 2011) (dismissing Section 1983 claim against the Suffolk County District Attorney's Office) (citing Conte v. Cnty. of Nassau, 06-CV-4746, 2008 WL 905879, at *1 n.2 (E.D.N.Y. Mar. 31, 2008) ("the Nassau District Attorney's Office does not have a legal identity apart from the municipality")). Thus, Plaintiff's claims against the Police Department and the DA's Office are not plausible because these entities have no legal identity separate and apart from the municipality. Accordingly, the claims against the Police Department and the DA's Office are DISMISSED WITH PREJUDICE.

Given Plaintiff's pro se status and affording his Complaint a liberal construction, the Court has considered whether Plaintiff has alleged a plausible claim against Nassau County, and finds that he has not for the reasons that follow.

A. Claims as Construed Against Nassau County

It is well-established that a municipality such as Nassau County cannot be held liable under § 1983 on a respondeat superior theory. See Monell v. Dep't of Soc. Servs. of N.Y.C., 436 U.S. 658, 691, 98 S. Ct. 2018, 2036, 56 L. Ed. 2d 611 (1978); Roe v. City of Waterbury, 542 F.3d 31, 36 (2d Cir. 2008). To prevail on

6

a Section 1983 claim against a municipality, a plaintiff must show "that 'action pursuant to official municipal policy' caused the alleged constitutional injury." Cash v. Cnty. of Erie, 654 F.3d 324, 333 (2d Cir. 2011) (quoting Connick v. Thompson, 131 S. Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011)); see also Monell, 436 U.S. at 690–91. "[L]ocal governments . . . may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." Monell, 436 U.S. at 690–691 (internal citation omitted).

A plaintiff can ultimately establish the existence of a municipal policy or custom by showing: (1) the existence of a formal policy which is officially endorsed by the municipality; (2) actions taken or decisions made by municipal officials with final decision-making authority, which caused the alleged violation of plaintiff's civil rights; (3) a practice so persistent and widespread that it constitutes a custom of which constructive knowledge and acquiescence can be implied on the part of the policy making officials; or (4) a failure by policymakers to properly train or supervise their subordinates, amounting to deliberate indifference to the rights of those who come in contact with the municipal employees. Moray v. City of Yonkers, 924 F. Supp. 8, 12 (S.D.N.Y. 1996) (citations omitted).

Here, even affording the pro se Complaint a liberal

construction, there are no factual allegations from which the Court could reasonably construe a plausible Section 1983 cause of action against Nassau County.  Indeed, "[a] single incident alleged in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy." DeCarlo v. Fry, 141 F.3d 56, 61 (2d Cir. 1998) (internal quotation marks and citation omitted).  Accordingly, Plaintiff's Complaint, as construed against Nassau County does not allege a plausible Section 1983 claim.

  B. <u>Claim Against the State</u>

  The Eleventh Amendment to the United States Constitution provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. CONST. amend. XI.  "'The reach of the Eleventh Amendment has . . . been interpreted to extend beyond the terms of its text to bar suits in federal courts against states, by their own citizens or by foreign sovereigns. . . .'"  State Employees Bargaining Agent Coalition v. Rowland, 494 F.3d 71, 95 (2d Cir. 2007) (ellipses in original) (quoting W. Mohegan Tribe & Nation v. Orange Cnty., 395 F.3d 18, 20 (2d Cir. 2004)).  The Supreme Court instructs that the Eleventh Amendment gives a state government immunity from suit, not just from liability. Puerto Rico Aqueduct & Sewer Auth. v. Metcalf

& Eddy, 506 U.S. 139, 144, 113 S. Ct. 684, 687-88, 121 L. Ed. 2d 605 (1993). Here, apart from the fact that Plaintiff seeks no relief against the State,[2] it is clear that the State is immune from Plaintiff's suit under the Eleventh Amendment. Accordingly, Plaintiff's claim against the State is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii), 1915A(b).

IV. Leave to Amend

Given the Second Circuit's guidance that a district court should not dismiss a pro se complaint without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated," Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010), **Plaintiff is GRANTED LEAVE TO AMEND his Complaint in accordance with this Memorandum & Order. Any Amended Complaint shall be filed within thirty (30) days from the date of this Order, shall be titled "Amended Complaint," and shall bear the same docket number as this Memorandum & Order, No. 15-CV-3653(JS)(AYS).** Plaintiff is cautioned that an Amended Complaint supercedes the original Complaint. Therefore, all claims and allegations Plaintiff wishes to pursue should be included in the Amended Complaint. If Plaintiff timely files an Amended Complaint it shall be reviewed

---

[2] Insofar as the Complaint may be liberally construed as seeking Plaintiff's release from incarceration (see Compl. at 8), such relief is unavailable under Section 1983.

9

pursuant to 28 U.S.C. § 1915.

CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed in forma pauperis is GRANTED and the claims that are set forth in the Complaint are sua sponte DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii), 1915A(b). Plaintiff's application for the appointment of pro bono counsel to represent him in this case is DENIED as MOOT. **However, Plaintiff is GRANTED LEAVE TO FILE AN AMENDED COMPLAINT within thirty (30) days from the date of this Order.**

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this Memorandum and Order to the pro se Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: October __27__, 2015
      Central Islip, New York